IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSE EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06cv1069-MHT |
| | ) | (WO) |
| DARLENE DREW, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jesse Evans ("Evans"), a federal prisoner, seeks the correction of a pre-sentence investigation report ("PSI") that was prepared by the United States Probation Office ("Probation Office") and remains in his files maintained by the Federal Bureau of Prisons ("BOP"). Evans alleges that the BOP has used and continues to use erroneous information contained in the PSI to make adverse determinations against him and, specifically, that such erroneous information was used to deny him placement in the Residential Drug Abuse Program ("RDAP") administered by the BOP. In addition to requesting correction of his PSI, Evans seeks monetary damages under the Privacy Act, 5 U.S.C. § 552a(e)(5), (g)(1)(C), and (g)(4).[1] For the reasons that follow, this court concludes that Evans is not entitled to the relief he seeks.

**I.   BACKGROUND**

---

[1] In the style of his petition, Evans invokes both the Privacy Act and the habeas corpus statute, 28 U.S.C. § 2241.

Evans is serving a 262-month sentence for aiding and abetting the distribution of crack cocaine, imposed in 1991 by the United States District Court for the Southern District of Alabama. At the time he filed the instant action, he was incarcerated at the Maxwell Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"). In February 2004, believing that there was incorrect information in his PSI that might affect his eligibility for participation in the RDAP program, Evans notified the Probation Office in the Southern District of Alabama and called the matter to that office's attention. The Probation Office agreed with Evans that there was an error in his PSI, specifically, that Paragraph 65 of the PSI incorrectly assigned Evans two criminal history points that should not have been assigned. In a letter dated March 3, 2004, the Probation Office advised Evans that it was not authorized to make corrections to the PSI, but that Evans should present the Probation Office's letter acknowledging the error in the PSI to the case manager for the prison where he was incarcerated "to determine if it would be sufficient to allow [him] to participate in the various programs that they may have to offer." (Petitioner's Exhibit 1.) The Probation Office further advised Evans that his only other recourse appeared to be contacting the sentencing court and requesting that the court correct his PSI. (*Id.*)

In April 2006, Evans submitted a request to officials at FPC Montgomery asking that the incorrect information in his PSI be removed. (Petitioner's Exhibit 2.) In response, prison officials advised Evans that BOP staff – like the Probation Office – lacked the authority to modify his PSI. (Respondent's Exhibit 3.)

Pursuant to BOP Program Statement 5800.11, *Inmate Central File, Privacy Folder,*

2

*and Parole Mini-Files*, when a federal inmate challenges information in his PSI, BOP staff should inform the appropriate Probation Office of the disputed information and request a written response. (Program Statement 5800.11 - Respondent's Exhibit 2.) Because Probation Office procedures "do not allow addendums to be made to the PSI after sentencing since it is a court document," if the Probation Office reports that the challenged information is indeed inaccurate, BOP staff should attach the BOP's inquiry and the Probation Office's response to the challenged document. (*Id.*) BOP staff should then file the document in the applicable Inmate Central file and also make a notation on the inmate activity record to ensure that future decisions affecting the inmate are not based on the discredited information. (*Id.*)

It is undisputed that when Evans arrived at FPC Montgomery, a copy of the Probation Office's letter to him acknowledging the error in his PSI had already been placed in the BOP's Inmate Central file, in compliance with Program Statement 5800.11. (Respondent's Exhibit 3.) In addition, and also in compliance with Program Statement 5800.11, a notation was later added to Evans's inmate activity record reflecting that the two criminal history points wrongly attributed to him in the PSI should not be considered by the BOP in making any classification or program-eligibility determinations. (*Id.*)

In May 2006, Evans submitted a request to the BOP asking to be placed in the RDAP program at FPC Montgomery. (Petitioner's Exhibit 2.) Because Evans's projected release date based on good conduct was December 16, 2010, he acknowledged in submitting the request that more than 36 months remained on his sentence. (*Id.*) The BOP then advised

Evans that inmates must be within 36 months of their projected release date to be interviewed for the RDAP program. (*Id.*) The BOP further advised Evans that he should resubmit his request on December 16, 2007 (i.e., when he was within 36 months of his projected release date). (*Id.*)

Evans filed the instant complaint with this court on November 24, 2006.

## II. DISCUSSION

### A. *False Information Claim*

Evans alleges that the BOP used the erroneous information contained in his PSI to make adverse determinations affecting his eligibility for participation in various prison programs, specifically the RDAP program. (Doc. No. 1.) He asserts that not only is he being deprived of the direct benefits of participating in such programs as a result of the erroneous information, but that the length of his incarceration is adversely affected by his exclusion from the sentence reductions that may result from successful completion of the programs. (Doc. Nos. 1 & 12.)

Although an inmate has a right not to have admittedly erroneous information in his prison file used to deny him fair consideration for favorable prison programs, *see Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), Evans wholly fails to demonstrate that the BOP relied upon any erroneous information to make a determination adverse to him. As indicated above, it is uncontested that, in compliance with BOP procedures, a copy of the Probation Office's letter acknowledging the error in Evans's PSI was placed in the BOP's Inmate Central file and that Evans's inmate activity record contains a notation reflecting that the two

criminal history points wrongly attributed to him in the PSI should not be considered by the BOP in making any classification or program-eligibility determinations. It is also clear from the pleadings and the record in this case that Evans was not considered for placement in the RDAP program in May 2006 only because more than 36 months remained on his sentence at that time, and *not* because of the BOP's reliance on any erroneous information contained in Evans's PSI. Indeed, the BOP affirmatively advised Evans to resubmit his request for placement in the RDAP program when he was within 36 months of his projected release date. Thus, Evans fails to show that he suffered the deprivation of any constitutional right,[2] or that the length of his incarceration has in any way been affected, on the basis of the inaccuracies in his PSI.

**B.**     ***Privacy Act Claim***

Although he specifically names only Darlene Drew, Warden of FPC Maxwell, as a defendant, Evans asserts claims against the BOP under the Privacy Act in the body of his complaint. He alleges that the BOP has knowingly failed to correct the erroneous information in his PSI, resulting in adverse determinations against him. (Doc. No. 1 at pp. 4-5.) Evans seeks injunctive relief and monetary damages under the Privacy Act.

---

[2]The Supreme Court established a cause of action for monetary damages and injunctive relief against federal officials in their individual capacities for a violation of a federal constitutional right in *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, Evans fails to establish that Warden Darlene Drew caused a deprivation of his constitutional rights. Although most of the allegations and claims for relief in the body of his complaint are directed against the BOP, Evans does not name the BOP as a defendant in the style of his complaint. In any event, the BOP, because it is a federal agency, is immune from *Bivens* actions. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

The Privacy Act, 5 U.S.C. § 552a, "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304-05 (11th Cir. 2004) (quoting *Gowan v. United States Dep't of the Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998)). Evans contends that the BOP has violated § 552a(e)(5), which provides that each agency covered by the Act "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness as to the individual in the determination." 5 U.S.C. § 552a(e)(5). An individual may file a civil action against a covered agency if it:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual

5 U.S.C. § 552a(g)(1)(C); *see Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (subsection (g) provides civil remedies for violations of subsection(e)(5)). In a civil suit filed pursuant to 5 U.S.C. § 552a(g)(1)(C), if a covered agency's actions were willful or intentional, the court may award actual damages sustained by the individual as a result of the agency's failure. 5 U.S.C. § 552a(g)(4)(A).

Notwithstanding the relief available under the Privacy Act, the Director of an agency

may promulgate regulations to exempt any of the agency's systems of records from certain parts of the Privacy Act, if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including ... correctional, probation, pardon, or parole authorities, and which consists of ... reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2). Pursuant to this authority, the BOP has exempted its Inmate Central Records System, among other systems of records, from the accuracy provisions of the Privacy Act. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); 28 C.F.R. § 16.97(a), (b)(3), (j), and (k)(2). *See also Scaff-Martinez v. Federal Bureau of Prisons*, 160 Fed.App. 955, 956-57 (11th Cir. 2005)  As a result of this exemption, Evans has no cause of action against the BOP under the Privacy Act and, therefore, has no claim for injunctive relief or monetary damages under the Act against the BOP.

Finally, to the extent that Evans asserts any claim under the Privacy Act against Warden Darlene Drew, no cause of action exists. The Privacy Act authorizes suit only against agencies, as distinct from individual employees in those agencies. *Martinez*, 444 F.3d at 624; *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 657 (D.C. Cir. 1996); 5 U.S.C. § 552a(g)(1) (authorizing suit against an "agency").

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Evans's complaint be dismissed as the claims therein do not entitle him to any relief. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 9, 2009. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 27th day of January, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

.